UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| GURINDER SINGH BAINS, as Personal Representative of the ESTATE of JASWINDER SINGH, deceased, HARPREET SINGH and his wife, DILPREET KAUR, and LAKHWINDER KAUR,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN TACTICAL, INC., ANTHONY DICHARIO, JOSEPH CALABRO,<br>SCHMEISSER GMBH, and 365 PLUS D.O.O.<br><br>Defendants. | Civil Action No. 2:24-cv-03970-BHH<br><br><br>**DEFENDANTS AMERICAN TACTICAL, INC.'S, ANTHONY DICHARIO'S, AND JOSEPH CALABRO'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STAY** |

# TABLE OF CONTENTS

**SUMMARY OF THE ARGUMENT** ................................................................................................. 1

**ARGUMENT** ........................................................................................................................................ 3

**I.   THE DISTRICT COURT HAS BROAD DISCRETION TO STAY THIS CASE PENDING THE FOURTH CIRCUIT'S DECISION IN *LOWY*** ........................................................................ 3

**II.  THE ISSUES BEFORE THIS COURT ARE NEARLY IDENTICAL TO THOSE NOW BEFORE THE FOURTH CIRCUIT** ................................................................................................. 5

  **A.   ARTICLE III STANDING** ..................................................................................................... 5

  **B.   WHETHER MAGAZINES ARE COMPONENT PARTS IMMUNIZED UNDER THE PLCAA** ................................................................................................................................. 6

**III. THE COURT SHOULD GRANT ATI DEFENDANTS' MOTION TO STAY** ............................ 8

  **A.   A STAY WILL PROMOTE JUDICIAL ECONOMY** ............................................................ 8

  **B.   ATI DEFENDANTS WILL SUFFER SIGNIFICANT HARDSHIP IF A STAY IS NOT GRANTED** ............................................................................................................................ 9

  **C.   A STAY WILL NOT PREJUDICE PLAINTIFFS** ................................................................ 10

**CONCLUSION** ................................................................................................................................ 13

# **TABLE OF AUTHORITIES**

**Cases**

*American Tech. Servs., Inc. v. Universal Travel Plan, Inc.*, 2005 WL 2218437 (E.D. Va. Aug. 8, 2005) ........................................................................................................................ 11

*City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384 (2d Cir. 2008) ....................................... 9

*CKC Properties, LLC v. Town of Mt. Pleasant, S.C.*, No. 2:23-CV-04489-DCN, 2024 WL 39067 (D.S.C. Jan. 3, 2024).................................................................................................. 4, 8, 9, 10

*Clinton v. Jones*, 520 U.S. 681 (1997)........................................................................................... 3

*Commonwealth of Virginia ex rel. Integra Rec LLC v. Countrywide Securities Corp.*, 2015 WL 222312 (E.D. Va. Jan. 14, 2015)............................................................................................ 11, 12

*Creekmore v. Mayview Hosp.*, 2008 WL 5100110 (E.D. Va. Dec. 2, 2008)............................... 13

*Divine Fish House, Inc. v. BP, P.L.C.*, 2010 WL 2802505 (D.S.C. July 14, 2010) ..................... 12

*Doe v. Bayer Corp.*, 367 F. Supp. 2d 904 (M.D.N.C. 2005) .......................................................... 4

*Exopack-Tech., LLC v. Graphic Packaging Holding Co.*, 2012 WL 13008353 (D.S.C. Feb. 29, 2012) ........................................................................................................................................ 12

*Hickey v. Baxter*, 833 F.2d 1005 (4th Cir. 1987) ...................................................................... 4, 8

*Impulse Monitoring, Inc. v. Aetna Health, Inc.*, 2014 WL 4748598 (D.S.C. Sept. 23, 2014)5, 8, 9, 10

*In re Acad., Ltd.*, 625 S.W.3d 19 (Tex. 2021) ............................................................................... 9

*In re Mut. Funds Inv. Litig.*, 2011 WL 1540134 (D. Md. Apr. 20, 2011) ................................ 8, 12

*Jefferies v. District of Columbia*, 916 F. Supp. 2d 42 (D.D.C. 2013).......................................... 10

*Johnson v. DePuy Orthopaedics, Inc.*, 2012 WL 4538642 (D.S.C. Oct. 1, 2012) ......................... 5

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) ................................................................................... 4

*Litchfield Co., LLC v. BP, P.L.C.*, 2010 WL 2802498 (D.S.C. July 14, 2010) ........................... 12

*Lowy v. Daniel Defense, LLC*, No. 1:23-CV-1338, 2024 WL 3521508 (E.D. Va. July 24, 2024), *appeal pending*, No. 24-1822 (4th Cir.)............................................................................ passim

*Mey v. Got Warranty, Inc.*, 2016 WL 1122092 (N.D. W.Va. Mar. 22, 2016)............................. 12

*Michelin Retirement Plan v. Dilworth Paxson, LLP*, 2017 WL 2531845 (D. S.C. June 12, 2017) .................................................................................................................................................. 11

*NAS Nalle Automation Sys., LLC v. DJS Sys., Inc.*, 2011 WL 13141594 (D.S.C. Nov. 23, 2011) .................................................................................................................................................. 11

*Prescott v. Slide Fire Solutions, LP*, 341 F. Supp. 3d 1175 (D. Nev. 2018) .................................. 7

*Regal W. Corp. v. Neeves*, No. 2:22-CV-01653-DCN, 2022 WL 9467966 (D.S.C. Oct. 14, 2022) ................................................................................................................................................ 4, 5

*SafeRack, LLC v. Bullard Co.*, 2018 WL 3696557 (D.S.C. Aug. 3, 2018) .................................... 5

*United States v. Oliver*, 878 F.3d 120 (4th Cir. 2017) ...................................................................... 4

*Wikimedia Found. v. Nat'l Sec. Agency/Cent. Sec. Serv.*, 14 F.4th 276 (4th Cir. 2021) ............. 4, 8

*Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124 (4th Cir. 1983) ........................................ 4

**Statutes**

Ind. Code § 32-306-6 ....................................................................................................................... 2

S.C. Code Ann. §§ 39-5-20 .............................................................................................................. 2

Va. Code Ann. § 18.2-216 ............................................................................................................ 1, 5

Va. Code Ann. § 59.1-196 ............................................................................................................ 1, 5

iii

**SUMMARY OF THE ARGUMENT**

In this case, Plaintiffs, including the representative of the estate of one person murdered and two persons injured during an April 15, 2021, criminal shooting at a FedEx facility in Indianapolis, Indiana, improperly seek to hold American Tactical, Inc. ("ATI"), the U.S. importer of one of the magazines allegedly used by the shooter in one of his rifles, as well as its President, Anthony DiChario ("DiChario"), and one of its employees, Joseph Calabro ("Calabro") (collectively "ATI Defendants"), liable for their damages. Plaintiffs' claims for negligence, negligent infliction of emotional distress, wrongful death, public nuisance, and "wrongful death in re: public nuisance" are without merit and should be dismissed at the pleading stage.

Importantly for this motion, the claims in this case are nearly identical to those in a proceeding recently filed in the United States District Court for the Eastern District of Virginia, *Lowy v. Daniel Defense, LLC*, No. 1:23-CV-1338, 2024 WL 3521508 (E.D. Va. July 24, 2024), *appeal pending*, No. 24-1822 (4th Cir.) ("*Lowy*"), in which those plaintiffs seek to hold several manufacturers of rifles, magazines, and ammunition liable for their damages sustained as a result of an April 22, 2022, shooting at Edmund Burke School in Washington, D.C. Plaintiffs in *Lowy* seek to hold the various manufacturers liable for violations of the Virginia False Advertising Statute (Va. Code Ann. § 18.2-216, the Virginia Consumer Protection Act (Va. Code Ann. § 59.1-196 et seq.), negligence, and negligence per se, arising from their roles in the design, manufacture, and marketing of the rifle, magazines, and grips used by the shooter. The *Lowy* plaintiffs claimed that defendants had "deceptively and unfairly marketed their assault rifles, rifle accessories, and ammunition in ways designed to appeal to the impulsive, risk-taking tendencies of civilian adolescent and post-adolescent males." *Lowy v. Daniel Defense, LLC*, 2024 WL 3521508 at *1.

Such claims are nearly identical to those raised in this case. Plaintiffs seek to hold ATI Defendants liable for negligence, negligent infliction of emotional distress, wrongful death, and public nuisance premised upon ATI manufacturing, marketing, distributing, and selling the magazine used by the shooter. Plaintiffs' basis for these claims against the ATI Defendants is that "Defendants target their advertising and marketing of [high-capacity magazines] to exactly this vulnerable group: emotionally troubled young men." *See* ECF Doc. 53 ¶ 115. Plaintiffs also try to plead around the Protection of Lawful Commerce in Arms Act, 15 U.S.C. §§ 7901-03 ("PLCAA") by claiming that a magazine is not a "qualified product" and that the alleged violations of South Carolina's Unfair Trade Practices Act (S.C. Code Ann. §§ 39-5-20(a)) and Indiana's Public Nuisance statute (Ind. Code § 32-306-6) qualify as predicate statutes sufficient to invoke the PLCAA's predicate exception. Further, Plaintiffs here concede that their legal theory is "similar" to the one advanced by the plaintiffs in *Lowy*, but that because the parties, underlying facts, and the allegations are sufficiently distinct, this Court should come to a different result. *See* ECF Doc. 69 at 2.

As did the defendants in *Lowy*, ATI Defendants moved to dismiss Plaintiffs' claims in this case on the bases that Plaintiffs lack Art. III standing and that their claims are barred by the PLCAA, a federal immunity statute that prohibits claims for damages and other relief arising from the criminal or unlawful misuse of qualified products by third parties. Plaintiffs' opposition in this case mirrors the arguments made by the *Lowy* plaintiffs. In fact, Plaintiffs attached their opening appellate brief in *Lowy* to their opposition as support in this case.

In *Lowy*, the District Court granted Defendants' motion to dismiss, holding that Plaintiffs could not satisfy the Art. III causation requirement because their injuries resulted "from the independent action of some third party not before the court" and their complaint failed to allege

2

that Defendants' conduct had a "determinative or coercive effect" on the shooter. *See Lowy v. Daniel Defense, LLC*, 2024 WL 3521508 at *2. The Court also held that the PLCAA applied to Defendants in relevant part because the magazines they manufactured were deemed component parts under the PLCAA's definition of qualified products. *See id.* at *3. According to the Court, "when a firearm user substitutes the original components of their firearm with Defendants' magazines and grips, those magazines and grips then become component parts of the newly assembled firearm." *Id.* Accordingly, the Court granted Defendants' motions to dismiss on multiple grounds.

Following the *Lowy* decision, Plaintiffs filed an appeal with the Fourth Circuit of Appeals, *Karen Lowy, et al., v. Daniel Defense, LLC, et al.*, 24-1822. As noted, plaintiffs filed their opening brief, and defendants' response brief is currently due on January 7, 2025. The Fourth Circuit's ruling on this appeal will resolve certain legal issues in dispute here, and might be precedential as to whether the ATI Defendants' motion to dismiss should be granted in this case.

## ARGUMENT

### I. THE DISTRICT COURT HAS BROAD DISCRETION TO STAY THIS CASE PENDING THE FOURTH CIRCUIT'S DECISION IN *LOWY*

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In determining whether to grant a stay, the United States Court of Appeals for the Fourth Circuit follows the *Landis* framework:

> The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

3

*Hickey v. Baxter*, 833 F.2d 1005 (4th Cir. 1987) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Supreme Court has thus recognized federal courts' inherent authority to stay an action pending the outcome of parallel proceedings in another court. *United States v. Oliver*, 878 F.3d 120, 124 (4th Cir. 2017). Furthermore, the Fourth Circuit has repeatedly held that when a case before a higher court addresses "questions that are central to a case before a lower court, that court should exercise its 'inherent' 'power to stay proceedings.'" *Wikimedia Found. v. Nat'l Sec. Agency/Cent. Sec. Serv.*, 14 F.4th 276, 306 (4th Cir. 2021); *see also, Hickey v. Baxter*, *supra*. ("the district court acted within its discretion in staying proceedings while awaiting guidance from the Supreme Court in a case that could decide relevant issues.").

The District Court for South Carolina has similarly adopted the *Landis* analysis when determining whether to grant a stay. In *CKC Properties, LLC v. Town of Mount Pleasant, S.C.*, the District Court held that "a court has the power to stay proceedings, which is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" No. 2:23-CV-04489-DCN, 2024 WL 39067 (D.S.C. Jan. 3, 2024) (citing *Doe v. Bayer Corp.*, 367 F. Supp. 2d 904, 914 (M.D.N.C. 2005) (quoting *Landis, supra*)). Accordingly, when exercising its inherent power to stay proceedings, the proper use of the court's authority "calls for the exercise of judgment which must weigh competing interests and maintain an even balance." *See Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983) and *Regal W. Corp. v. Neeves*, No. 2:22-CV-01653-DCN, 2022 WL 9467966 (D.S.C. Oct. 14, 2022) (citing *Landis, supra*). Further, "the party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *See Williford v. Armstrong World Indus., Inc.*, 715 F.2d at 127; *Regal W. Corp. v. Neeves*, *supra*.

When deciding whether to grant a motion to stay, the District Court should consider the following factors: "'(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party.'" *Regal W. Corp. v. Neeves*, *supra*.; *Impulse Monitoring, Inc. v. Aetna Health, Inc.*, 2014 WL 4748598, at *1 (D.S.C. Sept. 23, 2014) (quoting *Johnson v. DePuy Orthopaedics, Inc.*, 2012 WL 4538642, at *2 (D.S.C. Oct. 1, 2012)). Further, "the court should consider: (1) whether discovery is complete and a trial date is scheduled; (2) whether a stay would simplify the matters at issue; and (3) whether a stay would unduly prejudice or clearly disadvantage the non-moving party." *Regal W. Corp. v. Neeves*, 2022 WL 9467966 at *2 (citing *SafeRack, LLC v. Bullard Co.*, 2018 WL 3696557 at *1 (D.S.C. Aug. 3, 2018)).

## II.  THE ISSUES BEFORE THIS COURT ARE NEARLY IDENTICAL TO THOSE NOW BEFORE THE FOURTH CIRCUIT

### A. ARTICLE III STANDING

The first issue before the Fourth Circuit in *Lowy* concerns the threshold issue of whether plaintiffs possess Art. III standing to assert claims against several manufacturers of semi-automatic rifles, magazines, and ammunition for damages arising from a shooting incident at Edmund Burke School in Washington, D.C., on April 22, 2022. Specifically, plaintiffs seek to hold those manufacturers liable under various legal theories, including violations of the Virginia False Advertising Statute (Va. Code Ann. § 18.2-216), the Virginia Consumer Protection Act (Va. Code Ann. § 59.1-196 et seq), and common law claims of negligence and negligence per se. In *Lowy*, the District Court concluded that plaintiffs lacked Art. III standing to assert their claims, determining that plaintiffs' injuries were the result of an "independent action of some third party not before the court," and that the complaint did not adequately allege that defendants' conduct

5

had a "determinative or coercive effect" on the shooter. Consequently, the District Court dismissed plaintiffs' claims against defendants for lack of Art. III standing. *Lowy,* 2024 WL 3521508 at *3.

In this case, Plaintiffs' legal claims and factual underpinnings are analogous to those in *Lowy*. Plaintiffs seek to hold ATI Defendants liable for negligence, negligent infliction of emotional distress, wrongful death, and public nuisance all based on ATI's alleged role in marketing, distributing, and selling one of the magazines used by the shooter. Plaintiffs in *Lowy* alleged that the defendants market their products to "impulsive, risk-taking…post-adolescent males" (*Lowy v. Daniel Defense, LLC*, 2024 WL 3521508 at *1) and the Plaintiffs in this case similarly allege that the ATI Defendants market their products to "emotionally troubled young men" (ECF Doc. 53 ¶ 115). Finally, plaintiffs in both cases try to use a state's unfair trade practices act to plead around the federal immunity law.

In their motion to dismiss, ATI Defendants cite *Lowy*, arguing that Plaintiffs have failed to plausibly allege facts demonstrating that ATI's conduct, particularly the two YouTube videos cited in the Second Amended Complaint, had a "determinative or coercive effect" on the shooter's actions, leading to the criminal acts that caused Plaintiffs' harm. Further, Plaintiffs attached the *Lowy* plaintiffs' opening brief filed with the Fourth Circuit, as well as an amicus brief filed in support of their arguments, to their opposition to ATI's motion to dismiss. *See* ECF No. 69-1 and 69-2. Plaintiffs also concede that their legal theory is "similar" to the one advanced by the plaintiffs in *Lowy*. *See* ECF Doc. 69 at 2. Thus, it is clear that the legal issues in this case and *Lowy* are closely aligned, and a ruling by the Fourth Circuit as to Art. III standing will likely be dispositive of the legal issues presented here.

    B.  **WHETHER MAGAZINES ARE COMPONENT PARTS IMMUNIZED UNDER THE PLCAA**

6

The second issue before the Fourth Circuit in *Lowy* concerns whether magazines are component parts as defined by the PLCCA. In both *Lowy* and this case, the plaintiffs argue that magazines should not be classified as component parts under the PLCAA, thereby excluding manufacturers and sellers of such items from immunity for qualified civil liability actions. To support this argument, plaintiffs in both cases surprisingly cited *Prescott v. Slide Fire Solutions, LP*, 341 F. Supp. 3d 1175 (D. Nev. 2018), where the court held that bump stocks, although aftermarket modifications, function as component parts of a rifle. In *Prescott*, the court reasoned that, by replacing the existing stock, bump stocks became integral to the firearm's operation, thus qualifying as "component parts" under the PLCAA. Applying this logic and common sense definitions, the District Court in *Lowy* held that, "when a firearm user substitutes the original components of their firearm for Defendants' magazines and grips, Defendants' magazines and grips then become component parts of the newly assembled firearm." *Lowy v. Daniel Defense, LLC*, 2024 WL 3521508 at *3. The District Court in *Lowy* concluded that, under these circumstances, the PLCAA provided immunity from qualified civil liability actions to Defendants as manufacturers of the magazines used by the shooter.

While plaintiffs in *Lowy* sued manufacturers and sellers of firearms, magazines and ammunition, the *Lowy* court specifically addressed the issue of whether a firearm magazine is a qualified product. *Id*. As such, Plaintiffs' argument here that the Subject Magazine is not a qualified product is identical to that issue in *Lowy*. Plaintiffs seek to hold ATI Defendants, as manufacturers of the magazine used by the shooter, liable for negligence, negligent infliction of emotional distress, wrongful death, and public nuisance. In their motion to dismiss, ATI Defendants cite the reasoning from *Lowy*, contending that the magazine used by the shooter qualifies as a component part under the PLCAA, as it was substituted for the original magazine.

7

This substitution, ATI Defendants argue, renders the magazine an "essential unit" of the rifle, thereby affording it the same legal status as the original magazine, which is clearly a component part. As such, the PLCAA issues in this case and *Lowy* are nearly identical, and any ruling by the Fourth Circuit will likely be dispositive of the legal issues presented here.

### III.     THE COURT SHOULD GRANT ATI DEFENDANTS' MOTION TO STAY

#### A.  A STAY WILL PROMOTE JUDICIAL ECONOMY

The first factor for the court to consider in deciding whether to grant a stay is whether a stay is in the interest of judicial economy. *CKC Properties, LLC v. Town of Mt. Pleasant, S.C.*, No. 2:23-CV-04489-DCN, 2024 WL 39067, at *4 (D.S.C. Jan. 3, 2024); *Impulse Monitoring, Inc. v. Aetna Health, Inc.*, 2014 WL 4748598, at *1 (D.S.C. Sept. 23, 2014).

In this case, the central question is whether staying the proceedings until the Fourth Circuit has resolved *Lowy* would facilitate the resolution of the issues at stake or render them moot, thereby potentially obviating the need for further adjudication of the claims in this action. The Fourth Circuit has repeatedly held that when a case before a higher court addresses "questions that are central to a case before a lower court, that court should exercise its 'inherent' 'power to stay proceedings.'" *Wikimedia Found. v. Nat'l Sec. Agency/Cent. Sec. Serv.*, 14 F.4th at 306; *see also Hickey v. Baxter*, *supra* (holding that "the district court acted within its discretion in staying proceedings while awaiting guidance from the Supreme Court in a case that could decide relevant issues."). District courts within this Circuit have stayed proceedings when awaiting guidance from the Fourth Circuit. *See In re Mut. Funds Inv. Litig.*, 2011 WL 1540134, at *1–2 (D. Md. Apr. 20, 2011) (staying the case pending the resolution of a likely dispositive issue that was on appeal before the Fourth Circuit in another case). Thus, given the issues to be addressed by the Fourth Circuit regarding Art. III standing and the PLCAA's application to magazines, a ruling in favor of

8

either side in *Lowy* would be dispositive of the issues presently before this Court in this case.

For example, if the Fourth Circuit agrees that the plaintiffs in *Lowy* lack standing as articulated by the district court, Plaintiffs here will be hard-pressed to argue against such precedent given the similar factual backdrops in both cases. In this scenario, the Court would likely decide the Art. III issue in favor of the ATI Defendants, without having to address the PLCAA, failure to state a claim, and personal jurisdiction issues also raised by Defendants in their motion to dismiss. This would greatly reduce the burden on the Court, and the parties, in terms of addressing the many issues raised in the motion to dismiss that become moot if the Art. III standing is upheld in *Lowy*. The issue of judicial economy weighs heavily in favor of a stay.

### B. ATI DEFENDANTS WILL SUFFER SIGNIFICANT HARDSHIP IF A STAY IS NOT GRANTED

The second factor the court must consider in deciding whether to grant a stay is the hardship the moving party will suffer if the action is not stayed. *CKC Properties, LLC v. Town of Mt. Pleasant, S.C.*, 2024 WL 39067 at *4; *Impulse Monitoring, Inc. v. Aetna Health, Inc.*, 2014 WL 4748598 at *1.

Courts across the country have recognized that the PLCAA provides threshold immunity from suit (as opposed to being merely a defense to ultimate liability). *See, e.g., City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 398 (2d Cir. 2008) (PLCAA bars "the commencement or the prosecution of qualified civil liability actions."). Thus, requiring Defendants to continue to engage in motion practice and potentially discovery is a hardship Congress intended to eliminate. *See also, e.g., In re Acad., Ltd.*, 625 S.W.3d 19, 32-36 (Tex. 2021) (directing judgment for defendant based on PLCAA immunity from suit, finding that trial "'would defeat the substantive right' granted by the PLCAA."); *Jefferies v. District of Columbia*, 916 F. Supp. 2d 42, 47 (D.D.C.

9

2013) (PLCAA reflects congressional intent to "weed out, expeditiously, claims the PLCAA bars.").

A decision from this Court that is ultimately inconsistent with the Fourth Circuit's decision in *Lowy* would simply lead to additional motion practice and added costs to the ATI Defendants. Absent a stay, ATI Defendants could be forced to incur considerable legal expenses by engaging in oral argument on the motions, and potentially filing, briefing, and presenting arguments on a motion for reconsideration. Moreover, should this Court deny ATI Defendants' motion to dismiss prior to the Fourth Circuit's decision in *Lowy*, they would be compelled to continue litigating the case, incurring substantial legal costs associated with pleadings and discovery. This continued litigation would only be followed by the potential for a dismissal of the action after the Fourth Circuit's eventual decision in *Lowy*, thereby rendering these potential expenditures on litigation largely futile.

The prospect of incurring these unnecessary and avoidable costs, especially when Congress passed the PLCAA explicitly to protect the firearms industry from incurring legal costs associated with novel and speculative claims, in the face of a decision that may moot or directly resolve the case, weighs heavily in favor of a stay.

### C. A STAY WILL NOT PREJUDICE PLAINTIFFS

The third and final factor the Court must consider is whether a stay would unduly prejudice or clearly disadvantage the non-moving party. *CKC Properties, LLC v. Town of Mt. Pleasant, S.C.*, 2024 WL 39067 at *4; *Impulse Monitoring, Inc. v. Aetna Health, Inc.*, 2014 WL 4748598 at *1. In considering prejudice to the non-moving party, "courts have evaluated the progress of the case, the presence of pending motions, [and] the length of delay proposed." *Commonwealth of Virginia ex rel. Integra Rec LLC v. Countrywide Securities Corp.*, 2015 WL 222312, at *4 (E.D. Va. Jan.

14, 2015). These considerations weigh decisively in favor of a stay here.

First, this case has already been delayed by Plaintiffs' forum shopping. The *Bains* Plaintiffs initially filed suit in the Western District of New York on April 13, 2023 (*see* ECF Docs. 1 and 16). Plaintiffs in the related *Johal* case filed a Complaint in the United States District Court for the Southern District of Indiana on April 14, 2023 (*see* Case No. 2:24-cv-03969-BHH - ECF Doc. 1), an Amended Complaint on May 9, 2023 (*see id.* - ECF Doc. 10), and then unilaterally requested it be transferred to the United States District Court for the Western District of New York on June 13, 2023 (*see id.* - ECF Doc. 12). This was clearly an attempt by the *Johal* Plaintiffs and the *Bains* Plaintiffs to litigate these claims in what was perceived to be a more favorable jurisdiction. However, due to the obvious lack of connection between New York and any aspect of either case, both were transferred to this Court based on improper venue. *See* ECF Doc. 41. Thus, Plaintiffs caused an 18-month delay in both cases, so they are hard pressed to complain now of prejudice due to any additional delays.

Second, the Parties have not yet commenced discovery, Defendants have not even filed an answer, and some foreign Defendants have yet to be served with the Complaint. Where "a case is still in the very early stages of litigation, there is little prejudice to either side if the Court stays the case." *American Tech. Servs., Inc. v. Universal Travel Plan, Inc.*, 2005 WL 2218437, at *3 (E.D. Va. Aug. 8, 2005). On the contrary, "preventing further, and potentially futile, expenditures of time and resources by the parties and the Court weighs *in favor* of granting [a stay] at this stage of the litigation." *NAS Nalle Automation Sys., LLC v. DJS Sys., Inc.*, 2011 WL 13141594, at *1 (D.S.C. Nov. 23, 2011) (emphasis added). It is therefore no surprise that courts routinely grant stays at such an early juncture. *See, e.g.*, *Michelin Retirement Plan v. Dilworth Paxson, LLP*, 2017 WL 2531845, at *5 (D. S.C. June 12, 2017) ("[A] stay will not cause unreasonable hardship to the

remaining parties because this case is in the early stages and discovery has not yet commenced."); *Exopack-Tech., LLC v. Graphic Packaging Holding Co.*, 2012 WL 13008353, at *1 (D.S.C. Feb. 29, 2012) ("Here, the litigation is in its early stages. Graphic has yet to file an answer, no discovery has taken place, and the court has not yet held a *Markman* hearing or set a trial date."); *Virginia ex rel. Integra Rec*, 2015 WL 222312, at *5 (concluding that "the Commonwealth can claim little prejudice regarding the progress of the Virginia cases" where they "have only just commenced[,] [n]o answers have been filed, no discovery has begun, and no trial date has been set").

Finally, the length of the requested stay will be for a definite—and short—period of time. Respondents' Brief is due in the Fourth Circuit Court on January 7, 2025, and briefing should conclude later that month. Under these circumstances, a brief stay is appropriate and warranted.

As another court in this Circuit explained in granting a stay: "[T]he Supreme Court's decision is anticipated by June or July of this year. In short, it is prudent to put this litigation on hold for a few months in order to benefit from any pertinent wisdom the Supreme Court may offer regarding the plaintiff's standing here." *Mey v. Got Warranty, Inc.*, 2016 WL 1122092, at *3 (N.D. W.Va. Mar. 22, 2016); *see also In re Mutual Funds Investment Litig.*, 2011 WL 1540134, at *2 (D. Md. Apr. 20, 2011) ("[T]he proposed stay would impose little burden on Defendants, as there is no danger of spoliation of evidence, and the stay can always be lifted if emergency relief is required."); *Divine Fish House, Inc. v. BP, P.L.C.*, 2010 WL 2802505, at *2 (D.S.C. July 14, 2010) ("A delay of a few months, while longer than some of the cases cited by the parties, is, nonetheless, slight when compared to the hardship to the defendants and the interests of judicial economy."); *Litchfield Co., LLC v. BP, P.L.C.*, 2010 WL 2802498, at *2 (D.S.C. July 14, 2010) ("The Court finds that the prejudice to the plaintiff caused by a delay of months is outweighed by the hardship to the defendants and the interests of judicial economy."); *Creekmore v. Mayview Hosp.*, 2008 WL

12

5100110, at *6 (E.D. Va. Dec. 2, 2008) (concluding that "the length of the stay should be sufficiently brief and definite so as to minimize the harm to" the non-movant where "[t]he disposition of [movant's] administrative claims should be completed within six (6) months").

In short, a brief stay will not injure Plaintiffs, but will instead preserve the Parties' resources, and promote judicial economy and the public interest by avoiding simultaneous litigation on closely related issues in the district and appellate courts.

## **CONCLUSION**

For the foregoing reasons, the ATI Defendants respectfully request that this Court grant their motion to stay this action pending the Fourth Circuit Court of Appeal's decision in *Lowy*, order the ATI Defendants to advise the Court within one week of the decision from the Fourth Circuit in *Lowy*, with the intention of setting this matter for a status conference shortly thereafter to address the procedural status of this matter based on the Fourth Circuit Court of Appeals' decision, and grant such other relief as it deems just and proper.

*(Signature page to follow.)*

Respectfully submitted,

ROBINSON GRAY STEPP & LAFFITTE, LLC

By:   S / J. Michael Montgomery
      J. Michael Montgomery (ID No. 10290)
      mmontgomery@robinsongray.com
      2151 Pickens Street | Suite 500
      Post Office Box 11449
      Columbia, South Carolina 29211
      (803) 929-1400

              and

      Christopher Renzulli (pro hac vice)
      Jeffrey Malsch (pro hac vice)
      Justin Gottuso (pro hac vice to be filed)
      RENZULLI LAW FIRM, LLP
      One North Broadway, Suite 1005
      White Plains, New York 10601

*Counsel for Defendants American Tactical, Inc., Anthony DiChario, and Joseph Calabro*

December 11, 2024